## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00337-PLC |
| ) | |
| AMEREN ELECTRIC & FINANCIAL ) | |
| HOLDING, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Sidney Keys's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 3). Having reviewed the Application and the financial information provided therein, the Court will grant the Application and allow Plaintiff to proceed in forma pauperis in this matter. Nevertheless, the Court will dismiss this action without prejudice for the reasons discussed below.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff has filed numerous lawsuits in this Court, including five new cases in the last month alone. In the present action, he sues "Ameren Electric & Financial Holding" for allegedly disabling his electrical supply.

Plaintiff claims that in 2005, after discovering a power outage at his apartment, he contacted Ameren and was informed that someone from the apartment complex had shut off his power. When he asked if Ameren could restore his service, the employee hung up the phone.

Plaintiff further asserts that in 2008, upon entering an apartment building he owned, he discovered a gas leak on the premises, despite the gas supply supposedly being disabled. He also noticed that the lights were functioning even though the electricity was allegedly disconnected.

2

When he contacted Ameren, an employee told him that someone had connected his electrical system to another source, possibly a neighboring building. However, upon investigation, Plaintiff determined that was not the case.

As relief, he seeks "whatever [amount] the jury awards."[1]

## Discussion

Although Plaintiff identifies racial discrimination as the basis of his claim, his legal theory is unclear. He appears to assert that Ameren improperly interfered with his electrical service because of his race. Liberally construed, he can be understood to assert claims under 42 U.S.C. §§ 1981 and 1983.

Section 1981 of Title 42 of the United States Code provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To assert a prima facie claim under § 1981, Plaintiff must allege, among other things, that: (1) he was a member of a protected class; and (2) the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Under 42 U.S.C. § 1983, a plaintiff may seek redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right. *Young v. Harrison*, 284 F.3d 863, 866 (8th Cir. 2002). To state a claim under § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the

---

[1] Plaintiff has attached several exhibits to his complaint, including copies of Ameren bills, rental car receipts, and bank statements. (ECF No. 1-3). Except for the Ameren bills, the attachments appear to be unrelated to this matter.

alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).

Plaintiff offers no factual allegations that would allow the Court to infer racial animus. He alleges neither that Ameren acted with discriminatory intent, nor that it did so under color of state law. His bald assertion of discrimination constitutes a legal conclusion that the Court need not accept as true. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation"). The Court will not supply additional facts for Plaintiff, nor will it construct a legal theory that assumes unalleged facts. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Accordingly, the Court finds that Plaintiff has failed to state a plausible claim to relief under either § 1981 or § 1983.

## Conclusion

Having thoroughly reviewed and liberally construed the complaint, the Court finds that it fails to state a plausible claim to relief under either § 1981 or § 1983. Plaintiff does not identify, nor can the Court discern, any other potential theory of recovery. For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 2) is **DENIED** as moot.

4

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of March, 2025.

                                          JOHN A. ROSS
                                          UNITED STATES DISTRICT JUDGE